BROWN, Judge,
concurring.
Defendant’s vehicle crashed through Jeff Davis’s fence ending up in his hay meadow. A neighbor, Jerald Johnson, notified Davis of the accident and Davis immediately went to the scene. Davis found defendant “at his truck”. Davis testified that, in addition to Jerald Johnson, another neighbor, Wayne Kellogg, was at the scene.
Davis testified that defendant smelled of alcohol. Davis further testified that defendant said a hitchhiker was driving the vehicle, but that this alleged hitchhiker was not at the scene.
Trooper Childress investigated the accident and talked to defendant at the hospital. Defendant told Childress that he had picked up a hitchhiker, whom he allowed to drive his truck, but could give no description, not even his race.
Defendant offered no evidence but claimed that the “mysterious hitchhiker” represented a reasonable hypothesis of innocence. The trial court found the “mysterious driver” hypothesis to be “somewhat incredible”.
Whether or not such a defense is reasonable depends on the circumstances of each case, and a trial court certainly may find it not to be a reasonable hypothesis of innocence. However, in this particular case, the state did not call to testify Jerald Johnson or Wayne Kellogg. Obviously, Johnson knew more about the accident and who was driving than Davis. Kellogg was at the scene and according to Davis lived about 200 yards from the accident site.
No explanation was given as to the failure to have Kellogg or Johnson to testify and, therefore, we must consider their testimony of no help to the state. Under these circumstances, I concur in the result reached by the majority.